UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORRAINE ALVARADO,<br><br>    Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendant(s). | Case No. 2:25-cv-00007-RFB-NJK<br><br>ORDER |

Plaintiff having now paid the partial filing fee, Docket No. 4, the Court herein screens her complaint with respect to the individual defendants pursuant to 28 U.S.C. § 1915(e).[1]

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

---

[1] The Court issues a separate screening order as to the claims against the Las Vegas Metropolitan Police Department.

of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts a claim against three police officers for excessive force. Docket No. 1-1 at 2-5. A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013). Whether force used is constitutionally excessive turns on the objective reasonableness of the force used. *Id.* Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The reasonableness of force is "ordinarily a question of fact for the jury." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1236 (9th Cir. 2013).

Plaintiff alleges that she committed a petty theft of clothing[2] and that she initiated a high-speed pursuit, which ended when a tire deflation device was utilized by Defendant Williams and Plaintiff crashed into other vehicles. Docket No. 1-1 at 3. Plaintiff then fled with a gun in her

---

[2] While Plaintiff alleges that she only committed a petty theft, documents she submitted appear to show that she may be awaiting trial on very serious felony charges. *See* Docket No. 1 at 8-10. **Plaintiff may wish to consult with her criminal defense attorney regarding whether it is wise to pursue this civil litigation and make admissions herein that may impact her criminal case.**

hand, at which point Defendants Garcia and Barr fired shots at her. *Id.* at 4. Defendant Barr continued to shoot at Plaintiff after she attempted to surrender (but continued to hold a gun in her hand), hitting her three times. *Id.* at 5. Based on the facts alleged, including that Plaintiff initiated a high-speed chase and was openly holding a gun throughout the incident, it is a close call whether the claim crossed the line from conceivable to plausible. Nonetheless, for purposes of the screening stage and given Plaintiff's *pro se* status, the Court will err on the side of caution and allow the claim to proceed at this juncture.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's excessive force claim against Defendants Williams, Barr, and Garcia may proceed past the screening phase. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.

2. The Clerk of the Court shall issue summons for Defendants Dalley Williams, Jacob Barr, and Justin Garcia, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

3. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[3] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

5. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or

---

[3] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: February 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge