UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lorraine Alvarado,<br>  Plaintiff(s),<br>v.<br>Las Vegas Metropolitan Police Department, et al.,<br>  Defendant(s). | Case No. 2:25-cv-00007-RFB-NJK<br><br>Order |

Pending before the Court is an order to show cause why Defendants Williams, Barr, and Garcia should not be dismissed for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 14. Plaintiff filed a response. Docket No. 15.[1]

"[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds* by *Sandin v. Connor*, 515 U.S. 472 (1995)). "Ultimately, . . . it is Plaintiff's responsibility to effectuate service by providing Defendant['s] proper address to the Marshal Service." *Bivins v. Ryan*, Case No. CV-12-1097-PHX-ROS (LOA), 2013 WL 2004462, at *3 (D. Ariz. May 13, 2013); *see also, e.g.*, *Gibbs v. Fey*, Case No. 2:15-cv-01958-GMN-NJK, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017), *objections overruled*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018), *recon. denied*, 2019 WL 13249692 (D. Nev. Mar. 15, 2019). It is likewise Plaintiff's responsibility to furnish the required USM-285 form to the Marshal. *See, e.g.*, *Hamer v. Nev. Dept. of Emp., Rehab. & Training, Vocational Rehab. Bureau*, Case No. 2:15-cv-01036-GMN-GWF, 2018 WL 6003844, at *2 (D. Nev. Nov. 14, 2018), *appeal dismissed*, 2019 WL

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

6606513 (9th Cir. Sept. 20, 2019).  While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as her attorney and cannot make decisions on her behalf regarding how her case should proceed.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("judges have no obligation to act as counsel or paralegal to *pro se* litigants").

Plaintiff's response to the order to show cause indicates essentially that the Court is required to assist Plaintiff with service and that the Court should require Las Vegas Metropolitan Police Department to provide contact information for Defendants Williams, Barr, and Garcia.  *See* Docket No. 15 at 1-3.  Plaintiff argues that she cannot provide the information required for service because addresses for law enforcement officers are kept secret.  *See id.* at 1.  Plaintiff also argues that service for litigants proceeding *in forma pauperis* is the responsibility of the United States Marshals Service.  *See id.* at 2.

The Court is largely unpersuaded by Plaintiff's arguments.  As a threshold issue, it is a matter of public record that service may be attempted on persons employed by Las Vegas Metropolitan Police Department at 400 S. Martin Luther King Blvd., Bldg. B, Las Vegas, NV 89106.  *See, e.g.*, *Smith v. Saribay*, Case No. 2:20-cv-00060-GMN-NJK, Docket No. 26 at 2 (D. Nev. Apr. 16, 2021).[2]  Hence, there is a readily available address at which service can be attempted on Defendants Williams, Barr, and Garcia, and Plaintiff did not attempt service at this address previously.  *See* Docket No. 10 at 2 (returning summonses as unexecuted because Plaintiff failed to provide the USM-285 form to the Marshal).  There is no need to obtain additional contact information from Las Vegas Metropolitan Police Department at this time given that Plaintiff has not first attempted service at the above address.

---

[2] Although the Court is providing this public information to Plaintiff herein, it does so as a <u>one-time</u> courtesy.  As the caselaw explains, it is Plaintiff's duty moving forward to obtain pertinent information in the event that further service efforts are required.

Accordingly, the Court **EXTENDS** the deadline to effectuate service to December 12, 2025. The Court further **ORDERS** as follows:

1. The Clerk of Court shall send a copy of the summonses (Docket No. 7), complaint (Docket No. 6), and first amended complaint (Docket No. 9) to the U.S. Marshal for service.

2. The Clerk of Court shall send Plaintiff three copies of the required Form USM-285.

3. Plaintiff has twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

IT IS SO ORDERED.

Dated: November 4, 2025

_____
Nancy J. Koppe
United States Magistrate Judge